IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

GAITHER JEROME HARRIS,

    Plaintiff,

v.       CIVIL ACTION NO.: CV606-050

PA SIMPLETON; LARRY FREEMAN;
Ms. MOORE; Lt. WADE; Lt. McLOUD;
TIMOTHY WARD and Ms. CALHOUN,

    Defendants.

## ORDER

Plaintiff, an inmate presently confined at Lee State Prison in Leesburg, Georgia, has been permitted to proceed in forma pauperis in an action under 42 U.S.C.A. § 1983, complaint of events which occurred during his incarceration at Rogers State Prison. A plaintiff proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Reform Litigation Act ("PLRA"), 28 U.S.C.A. § 1915.

Plaintiff contends that he was given multiple medical profiles which included no prolonged standing, no strenuous exercise, bottom bunk assignments, and no heavy lifting while at Jackson State Diagnostic Prison. Plaintiff avers that after being put on kitchen detail, he asked Defendant Wade why he was put on this detail considering his condition. Defendant Wade allegedly ignored this and ordered him to get to work. Plaintiff assets that he filled out a medical request form, but that it was returned to him stating that all medical profiles had been revoked. Plaintiff contends that these returned forms were never seen by the medical staff. Plaintiff then asserts that he saw Defendant Simpleton, a Physician's

AO 72A
(Rev. 8/82)

assistant in the medical unit two to three weeks later. Defendant Simpleton allegedly canceled the medical profiles and the pain medication he had been prescribed, and told Defendant McLoud that there was nothing wrong with Plaintiff. Subsequently Plaintiff has seen other medical attendants which resulted in reinstatement of his medical profiles.

Plaintiff asserts that Ms. Dansby and Ms. Henry opened his outgoing mail, which was marked as legal mail, outside of his presence. These parties are not named as defendants; however, it appears Plaintiff is attempting to set forth a claim against them. Plaintiff also alleges that while reading a book, Defendant Calhoun snatched the book from him and the book hit him in the face. These claims appear to be unrelated.

A plaintiff may not join unrelated claims and various defendants unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a). Plaintiff has failed to show a logical relationship between his separate allegations against these Defendants. Thus, these allegations lack a logical relationship, and the Court will not allow the joinder of these unrelated claims. Plaintiff is directed to advise the Court as to which claim or related claims he wishes to pursue in this action. Plaintiff may submit separate Complaints for his other claims. If Plaintiff does not respond to this Order within thirty (30) days, this Complaint will be dismissed, without prejudice.

SO ORDERED, this 7th day of August, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

2

AO 72A
(Rev. 8/82)